UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WENDY FRANCIS,

    Plaintiff,

v.                                              Case No. 8:17-cv-2723-T-AEP

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

    Defendant.
_____/

## **ORDER**

Plaintiff seeks judicial review of the denial of her claim for a period of disability and disability insurance benefits ("DIB"). As the Administrative Law Judge's ("ALJ") decision was not based on substantial evidence and failed to employ proper legal standards, the Commissioner's decision is reversed and remanded.

**I.**

**A.    Procedural Background**

Plaintiff filed an application for a period of disability and DIB (Tr. 181-84). The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 78-81, 97-105). Plaintiff then requested an administrative hearing (Tr. 106-07). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 29-77). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 7-26). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1-6). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. § 405(g).

**B. Factual Background and the ALJ's Decision**

Plaintiff, who was born in 1975, claimed disability beginning August 9, 2015 (Tr. 183). Plaintiff obtained less than a high school education (Tr. 36, 39, 220). Plaintiff's past relevant work experience included work as a cashier, CNA/nurse assistant, and a restaurant manager (Tr. 36, 68, 221). Plaintiff alleged disability due to severe pain in her cervical spine; severe lower back pain at S-1 and L5; problems with both knees, with the left requiring surgery in 2015; severe migraines; constant pain; hysterectomy due to pain; shoulder pain with an inability to perform any overhead lifting; weight gain; and memory issues (Tr. 219).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through December 31, 2017 and that Plaintiff had not engaged in substantial gainful activity since August 9, 2015, the alleged onset date (Tr. 12). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, degenerative disc disease of the cervical spine status post-surgery in 2013, bilateral knee impairments status post knee surgeries on the left in August 2015 and on the right in October 2015, anxiety, and depression (Tr. 12). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 12). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform work with the following limitations: could lift and carry 20 pounds occasionally and 10 pounds frequently; could stand or walk with normal breaks for a total of 6 hours in an 8-hour workday; could sit with normal breaks for a total of 6 hours in an 8-hour workday; could occasionally push and pull with the bilateral lower extremities; could occasionally climb ramps and stairs; should never climb ladders, ropes, or scaffolds; could occasionally stoop; could frequently kneel,

2

crouch, and crawl; could tolerate the noise of an office environment; could occasionally be around hazards such as moving, unguarded machinery and unprotected heights; could understand, remember, and carry out short, 1 to 3-step instructions; could concentrate for 2-hour periods to complete an 8-hour workday for short 1 to 3-step tasks; could occasionally interact with the public, coworkers, and supervisors; and could adapt to infrequently well-explained changes (Tr. 14). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 15).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), the ALJ determined Plaintiff could perform her past relevant work as a cashier and as a restaurant manager (Tr. 19, 69-72). In addition, given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a house cleaner, marker, and sales attendant (Tr. 20, 69-72). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 21).

## II.

To be entitled to benefits, a claimant must be disabled, meaning the claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). "[A] physical or mental impairment is an impairment that results from

anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 404.1520. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 404.1520(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. § 404.1520(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. § 404.1520(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to

the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (*per curiam*).

### III.

Plaintiff argues that the ALJ erred by failing to properly consider the medical opinions from Dr. Asif Kamal, Dr. Steven Baker, and Dr. Robert Hansell. Essentially, Plaintiff contends that the ALJ did not afford the proper weight to the opinion of Dr. Kamal and completely failed to consider the opinions of Dr. Baker and Dr. Hansell. Medical opinions are statements from acceptable medical sources that reflect judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis and prognosis, what the claimant can still do despite the impairments, and physical or mental restrictions. 20 C.F.R. § 404.1527(a)(1). When assessing the medical evidence, the ALJ must state with particularity the weight afforded to different medical opinions and the reasons therefor. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (citation omitted). The Social Security regulations provide guidelines for the ALJ to employ when evaluating medical opinion evidence. *See* 20 C.F.R. § 404.1527. In determining the weight to afford a medical opinion, the ALJ considers a variety

of factors including but not limited to the examining relationship, the treatment relationship, whether an opinion is well-supported, whether an opinion is consistent with the record, and the area of the doctor's specialization. 20 C.F.R. § 404.1527(c). For instance, the more a medical source presents evidence to support an opinion, such as medical signs and laboratory findings, the more weight that medical opinion will receive. 20 C.F.R. § 404.1527(c)(3). Further, the more consistent the medical opinion is with the record, the more weight that opinion will receive. 20 C.F.R. § 404.1527(c)(4). Typically, the ALJ must afford the testimony of a treating physician substantial or considerable weight unless "good cause" is shown to the contrary. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004) (*per curiam*) (citation omitted). Good cause exists where: (1) the treating physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the physician's own medical records. *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004). In fact, the ALJ may reject any opinion when the evidence supports a contrary conclusion. *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985) (*per curiam*).

In this instance, as Plaintiff contends, the ALJ failed to consider the opinions of Dr. Baker and Dr. Hansell regarding Plaintiff's limitations (Tr. 18-19). Dr. Baker repeatedly indicated that Plaintiff should avoid squatting, stooping, and kneeling, should avoid stairs as much as possible, and should elevate her leg when at rest (Tr. 494, 498, 509). Dr. Hansell also indicated that Plaintiff should elevate her leg when at rest (Tr. 570). The ALJ's decision omits any reference to the weight afforded to such opinions regarding Plaintiff's limitations and restrictions. Indeed, the ALJ included only the following limitations: could lift and carry 20 pounds occasionally and 10 pounds frequently; could stand or walk with normal breaks for a total of 6 hours in an 8-hour workday; could sit with normal breaks for a total of 6 hours in an

8-hour workday; could occasionally push and pull with the bilateral lower extremities; could occasionally climb ramps and stairs; should never climb ladders, ropes, or scaffolds; could occasionally stoop; and could frequently kneel, crouch, and crawl (Tr. 14). Such limitations are at odds with the opinions set forth by Dr. Baker and Dr. Hansell, and, without any explanation as to what weight the ALJ afforded such opinions, it is unclear whether the ALJ properly considered them. Though Plaintiff's representative agreed during the hearing that the record contained no other medical source statements than the ones identified by the ALJ (Tr. 19), it was incumbent upon the ALJ to consider the entire record, including all medical opinions and the weight afforded to each. Upon remand, the ALJ should consider the opinions of Dr. Baker and Dr. Hansell regarding Plaintiff's limitations and indicate the weight afforded to each. Additionally, in considering the limitations set forth by Dr. Baker and Dr. Hansell, the ALJ should reconsider the opinion of Dr. Kamal, especially to the extent that the limitations set forth by Dr. Kamal comport with those set forth by Dr. Baker and Dr. Hansell.

**IV.**

For the foregoing reasons, the ALJ failed to apply the correct legal standards and the ALJ's decision is not supported by substantial evidence. Accordingly, after consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is REVERSED and the matter be REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further administrative proceedings consistent with this Order.

2. The Clerk is directed to enter final judgment in favor of Plaintiff and close the case.

DONE AND ORDERED in Tampa, Florida, on this 27th day of March, 2019.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record